2000 OK CIV APP 30

**Randel L. WOJAHN, Appellant,**

v.

**STATE of Oklahoma ex rel. DEPARTMENT OF PUBLIC SAFETY, Appellee.**

No. 93331.

Court of Civil Appeals of Oklahoma, Division No. 4.

Feb. 15, 2000.

Arthur S. Bay, Andrew L. Hamilton, Oklahoma City, Oklahoma, For Appellant.

Earl L. Reeves, Jr., Oklahoma City, Oklahoma, For Appellee.

## MEMORANDUM OPINION

GOODMAN, V.C.J.

¶1 This is an appeal from a district court order sustaining the cancellation of the appellant's restricted driver's license for violating the agreement upon which the restricted license was predicated. Based upon our review of the record and applicable law, we affirm the order.

### I

¶2 In February 1993, the Department of Public Safety classified appellant Randel J. Wojahn as an excessive user of alcohol under the Medical Aspects of Driver Licensing, Oklahoma Administrative Code 595:10, due to previous violations of Oklahoma's implied consent laws. As such, Wojahn became eligible for the restricted licensing program pursuant to OAC 595:10–5–12 which requires "[c]omplete abstinence from the use of alcohol ... for a minimum of one year" from the date of applying for the restricted driving privilege. On February 21, 1997, Wojahn executed a Restricted Driver License Agreement acknowledging the terms of the restricted license with scheduled reviews every six months for 2 years.

¶3 On April 28, 1998, Wojahn was arrested for driving under the influence of intoxicating liquor, and refused to take the requested chemical test in violation of our implied consent laws. Wojahn's administrative appeal of the implied consent revocation was denied. He appealed to the district court which sus-

tained the revocation in November 1998, but issued a modified driver's license permitting Wojahn to drive to, from, and in the scope of his employment subject to certain restrictions. On December 4, 1998, after receiving the court's order sustaining the revocation, the Department canceled Wojahn's restricted license for violating the agreement to totally abstain from alcohol use during the term of the license. Wojahn appealed to the district court, which held Wojahn had violated the terms of the restricted driver's license, and denied the requested modification. Wojahn appeals.

### II

¶4 Wojahn contends the Department did not prove that he had actually consumed alcohol before he was arrested, merely that the arresting officer had reasonable grounds to believe that Wojahn had consumed intoxicating beverages. Consequently, he argues there is no evidence to support the cancellation order based upon an alleged violation of his "total abstinence agreement." We disagree.

¶5 The Department correctly points out that Wojahn is advancing his argument for the first time on appeal, and therefore did not preserve it for appellate review. Indeed, at trial Wojahn merely argued that equity dictates that the trial court order a modified license, or direct the Department to reinstate Wojahn into the restricted driver's license program. However, we do not need to decide this matter on a technical basis. An appellate court "will not reverse the finding of the trial court for insufficient evidence if there is any evidence, *including any reasonable inferences therefrom,* tending to support the findings." *State ex rel. Department of Highways v. Sharpensteen,* 1975 OK 111, ¶11, 538 P.2d 1044, 1046 (emphasis added).

¶6 Wojahn's refusal to submit to the requested chemical test after being informed of the consequences of his refusal deprived the Department of an opportunity to prove that Wojahn had indeed violated his agreement to abstain from alcohol. It would be

manifestly unjust to now permit Wojahn to benefit from his violation of our implied consent laws by withholding the very evidence he now argues the Department must produce.

## III

¶ 7 We hold the trial court did not err in sustaining the Department's Order of Cancellation of Wojahn's restricted driver's license.

¶ 8 AFFIRMED.

¶ 9 RAPP, J., and TAYLOR, J., concur.